Submitted April 4, reversed May 21, 2014

In the Matter of D. G. S.,
Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

D. G. S.,
*Appellant.*

Lincoln County Circuit Court
133879; A155790

326 P3d 633

Garrett A. Richardson and Multnomah Public Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of an order committing him for a period not to exceed 180 days. ORS 426.130. He first contends that the trial court committed plain error because it did not specifically advise him of his right to subpoena witnesses. *See* ORS 426.100(1) (providing that the court shall advise the person of, among other things, "[t]he right to subpoena witnesses"). We agree that the trial court's failure constitutes plain error and requires reversal, and we conclude that it is appropriate to exercise our discretion to correct the error. *See State v. M. L. R.*, 256 Or App 566, 570-72, 303 P3d 954 (2013) (observing that "plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice" and exercising discretion to correct the plain error (internal quotation marks omitted)). Because we reverse the judgment on that basis, we do not address appellant's second assignment of error in which he challenges the sufficiency of the evidence to support his commitment.

Reversed.